IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CATHERINE A. MAHONEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, N.A., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:18-cv-11593 |

NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the civil action commenced in the Massachusetts Superior Court, Suffolk County, identified below. Wells Fargo denies the allegations in the state court pleadings and files this notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor.

I.   The Action & Service Of Process.

On Tuesday, July 10, 2018, Plaintiff Catherine A. Mahoney ("Plaintiff") commenced this civil action (the "Action") in the Massachusetts Superior Court, Suffolk County (the "State Court") by filing a Complaint with its exhibits A to I (the "Complaint"), captioned Catherine A. Mahoney v. Wells Fargo Bank, N.A., Docket No. 1884CV02125. See Exhibit 1, Complaint. With her Complaint, Plaintiff requested an injunction to prevent Wells Fargo from conducting a foreclosure sale of the real property where she resides, 133 Beach Avenue, Hull, Massachusetts (the "Property"). See Compl. at 13; Exhibit 2, State Court Civil Action Cover Sheet; Exhibit 3, State Court Docket Sheet. On July 13, 2018, the State Court issued a preliminary injunction ("Preliminary Injunction"). See Exhibit 3 at 2. Plaintiff served Wells Fargo with a copy of the

Summons and Complaint on July 10, 2018. Removal is timely where this Notice is filed within 30 days of Wells Fargo's receipt of the Complaint.

## II. Pleadings & Notice To State Court.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders, and proceedings from the State Court will be filed with this Court within 28 days. Contemporaneous with the filing of this Notice, Wells Fargo has given written notice to Plaintiff and has notified the State Court of this Removal.

## III. Statement Of Statutory Basis For Removal.

A. This Court Has Diversity Jurisdiction Pursuant To 28 U.S.C. § 1332.

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Action satisfies both prongs of the § 1332 test.

*1. The Amount In Controversy Exceeds $75,000.*

Plaintiff's claims arise from and relate to 2003 and 2005 mortgage loans taken out by her late-husband in the original amounts of $450,000 and $610,000, respectively. See Exs. D & E to Compl. (copy of mortgages). In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks. See Dep't of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991). In her State Court Complaint, Plaintiff seeks damages "in excess of $250,000." See Exhibit 2. Furthermore, in cases challenging the validity of a mortgage or mortgage foreclosure, courts have held that the amount in controversy is based upon the value of the object of the litigation—i.e., the mortgage loan. See, e.g.,

McLarnon v. Deutsche Bank Nat'l Trust Co., 2015 WL 4207127, at *3 (D. Mass. July 10, 2015) (finding amount-in-controversy requirement met when amount of mortgage loan was greater than $75,000); see also Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."); Barbosa v. U.S. Bank, as Trustee Bank, N.A., 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013) ("[T]he fact that the original amount of the March 2007 mortgage on the premises was $531,000 suffices to show by a reasonable probability that the value of the Barbosas' property exceeded $75,000 at the time this action was removed."); cf. McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) ("The face-value-of-the-loan rule, of course, has the advantage of perfect simplicity . . . . So there is much to be said for such an approach."). The mortgage plaintiff is challenging are $450,000 and $610,000 and she is further seeking to enjoin foreclosure under the later, $610,000 mortgage, such that these loans are directly at issue in this case. See Compl., ¶¶ 10, 14, 83-88; Exs. D & E to Compl. Plaintiff also seeks treble damages and attorneys' fees. See Compl. at 13-14. Accordingly, the amount in controversy exceeds the $75,000.00 threshold for jurisdiction.

   2.  *There Is Complete Diversity Between Plaintiff And Wells Fargo..*

  In this case, there is complete diversity between Plaintiff and Wells Fargo. The State Court Civil Action Cover Sheet states that Plaintiff resides at "133 Beach Avenue, Hull, Plymouth County, Massachusetts 02045." See Compl. ¶ 1. Accordingly, for purposes of diversity, she is considered a resident of the Commonwealth of Massachusetts.

  Wells Fargo is a national banking association organized and operating under the National Bank Act (12 U.S.C. § 21, *et seq.*) and is subject to the regulation and supervision of the

Comptroller of the Currency of the United States Department of the Treasury.  National banking associations are deemed "citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).  Wells Fargo's main office is located in Sioux Falls, South Dakota.  See https://www.occ.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name-pdf.pdf.  Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, Wells Fargo is a citizen of South Dakota.  See, e.g., McKenna, 693 F.3d at 212.  Accordingly, complete diversity exists between Plaintiff and Wells Fargo.

IV.     Conclusion.

Wells Fargo request that the Court assume jurisdiction over this matter and that no further proceedings be held in the State Court.  In the event that any question arises as to the proprietary of removal in this matter, Wells Fargo requests the opportunity to submit briefs and be heard at argument in support of its position that removal based upon diversity jurisdiction is proper.

    Respectfully submitted,
Wells Fargo Bank, N.A.,
by its attorneys,

*/s/ Matthew N. Lowe*
Sean R. Higgins (BBO# 659105)
sean.higgins@klgates.com
Matthew N. Lowe (BBO# 678409)
matthew.lowe@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261 3100
Dated:  July 30, 2018    (617) 261 3175 (f)

4

CERTIFICATE OF SERVICE

      I, Matthew N. Lowe, certify that on July 30, 2018 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

                                        */s/ Matthew N. Lowe*
                                        Matthew N. Lowe